UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID TERRANCE STEPHENS,

   Plaintiff,

v.               Case No. 3:23-cv-1190-BJD-LLL

RICKY DIXON and
RANDALL POLK,

   Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

  Plaintiff, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a complaint (Doc. 1; Compl.) pursuant to 42 U.S.C. § 1983, with exhibits (Docs. 1-2 through 1-6), and a motion to proceed *in forma pauperis* (IFP) (Doc. 2). Plaintiff's complaint is confusing and difficult to read. He complains about numerous conditions of his confinement spanning multiple years and correctional institutions, including, for example, that he was denied his right to free speech; he was denied due process in connection with disciplinary hearings held at different institutions between 2005 and 2019; he was denied medical care after he was raped in 2005, and he thereafter developed Hepatitis and then cirrhosis; he was falsely arrested in 1998; he was denied equal protection in connection with his criminal case; he was required

to stand for between thirty minutes to one hour while working in the food service area, in violation of a medical pass that restricts his standing to no more than ten minutes at a time; and supervisory officials permit staff to abuse inmates. *See* Compl. at 12-14, 16-27.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:01-cv-1512-GAP (M.D. Fla.) (failure to state a claim); (2) 6:04-cv-695-GKS-KRS (M.D. Fla.) (frivolous); (3) 8:06-cv-319-JDW-MAP (M.D. Fla.) (failure to state a claim); and

(4) 8:09-cv-194-JDW-TGW (M.D. Fla.) (failure to state a claim).[1] Since Plaintiff is a three-strikes litigant, he may proceed IFP in this action only if he alleges facts showing he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Allegations of a past danger or a speculative future harm do not trigger the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). *See also Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022).

Plaintiff's assertions that he was denied medical care after he was raped in 2005 and was forced to stand longer than medically indicated do not satisfy the imminent danger exception. Both are allegations of past harm. As to his diagnosis of Hepatitis and cirrhosis, Plaintiff does not allege he currently is being denied necessary medical treatment. *See* Compl. at 19-20. Rather, he says the failure to provide immediate or timely medical care in the past (around 2005) has left him with "ongoing complications." *Id.* at 20. As to the medical-pass issue, Plaintiff alleges he was forced to stand more than ten minutes on one occasion in August 2023. *Id.* at 26. He does not allege his medical pass continues to be ignored, nor does he say the one instance of

---

[1] Plaintiff is no stranger to the federal courts. He has initiated over 70 civil rights cases and has been informed numerous times that he is a three-strikes litigant, and his cases have been dismissed on that basis. *See* Case No. 4:17-cv-329-RH/CAS.

prolonged standing caused a serious medical need that has not been addressed or evaluated, but rather could have resulted in a serious medical issue: he contends that prolonged standing can cause his legs to "swell up to three times their normal size." *Id.* at 27. He does not allege that happened on this one occasion, or that, if it did, he was not provided medical care. *See id.* at 26-27.

Even if Plaintiff's allegations would trigger the imminent danger exception, however, he does not state a plausible deliberate indifference claim against the two named Defendants: the Warden of Columbia Correctional Institution and the Secretary of the Florida Department of Corrections. It appears he seeks to hold these Defendants liable in their roles as supervisors or grievance responders. *See id.* at 7, 14, 20. Neither theory is plausible under § 1983. First, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's conclusory assertions that the Warden and Secretary have a "pattern and practice" of allowing corrections officers to harm inmates do not satisfy the rigorous standard for supervisory liability. *See Rankin v. Bd. of Regents of the Univ. Sys. of Ga.*, 732 F. App'x 779, 783 (11th Cir. 2018) (reasoning that the "claim [against the supervisor] fail[ed] because most of the allegations supporting it [were] conclusory, and to the

4

extent some [were] based on facts, they [were] limited to [the plaintiff's] own experience").[2]

Second, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not trigger the imminent danger exception, this action will be dismissed without prejudice. If Plaintiff wishes to pursue a claim for a denial of medical care for a serious medical need, he may file a new complaint, naming only those individuals who allegedly denied him medical care and including only facts and allegations relevant to that claim. Additionally, he must explain the steps he took to exhaust any claim he chooses to pursue, and he may not join unrelated claims. If Plaintiff chooses to initiate a new civil rights action by filing a new civil rights complaint, he must pay $402.00

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

($350.00 filing fee and $52.00 administrative fee) if he does not allege facts sufficient to overcome the three-strikes bar.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

3. The **Clerk** shall send Plaintiff a civil rights complaint form (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of October, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
David Terrence Stephens, #529682